NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH BLACK, <br>                Plaintiff, <br>     v. <br> AFNI, Inc., <br>               Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **OPINION** <br><br> Civ. No. 15-cv-1176 (WHW)(CLW) |

**Walls, Senior District Judge**

      Plaintiff Kenneth Black alleges that Defendant AFNI, Inc. violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by repeatedly calling his cell phone in an attempt to collect a consumer debt. Defendant moves for summary judgment. Decided without oral argument under Fed. R. Civ. P. 78, Defendant's motion is granted in part, denied in part, and stayed under Rule 56(d) for further discovery.

## FACTUAL AND PROCEDURAL HISTORY

      Between October and December of 2014, Plaintiff Kenneth Black received a series of calls on his cellphone from a number associated with Defendant AFNI, a corporation that makes debt collection calls. 56.1 SMF ¶¶ 20-22; Df's Resp. to Pl's Second Request for Admission ¶ 2; Ans. ¶¶ 7-8. During this period, Black contends that he received "on average" three or four calls from AFNI per week. Pl's Br. in Opp. at 3. Based on telephone company records, he has identified ten specific calls he received from AFNI by the date and time that they were placed. SMF ¶ 24. Plaintiff testified in his deposition that he received other calls from AFNI in addition to the ten calls that the parties agree took place. SMF ¶ 24; Pl's Counter-Statement of Material Fact ¶ 24. AFNI disputes that more than ten calls were made. SMF ¶ 24.

AFNI placed these calls attempting to reach "an individual who is unaffiliated with Plaintiff or his wife . . . and is unrelated to this lawsuit." SMF ¶¶ 28-32. AFNI's records incorrectly identified Plaintiff's home landline number as belonging to this unnamed third party. *Id.* Plaintiff used a call forwarding system that forwarded AFNI's calls from his landline to his cell phone. *Id.* Plaintiff never spoke with any AFNI employee; instead, the calls were blocked by a cell phone application called "Legal Call Blockers" that Plaintiff used to screen certain types of calls. *Id.* ¶¶ 14, 41.

Plaintiff brought this action on February 17, 2015 and filed an amended complaint on July 15, 2015. ECF No. 6. He brings one count under Section 1692d and one count under Section 1692g of the FDCPA. AFNI moved for summary judgment on April 27, 2016. Mot. for Sum. Judg., ECF No. 11. AFNI argues that Plaintiff has not established it was attempting to collect a debt, that the frequency of the alleged calls is insufficient to establish an attempt to harass the Plaintiff, and that it was not obligated to provide notice to Black under 1692g because Black was not the holder of the debt in question. *Id.* at 10-19. Plaintiff has only contested the motion as to 1692d, and summary judgment will be granted on Plaintiff's claims in Count Two under 1692g. *See generally* Pl's Br. in Opp., ECF No. 16. This Court has jurisdiction under 28 U.S.C. § 1331.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant

substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott,* 550 U.S. at 380. At this stage, the Court's "function is not . . . to weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, and it is "inappropriate for a court to . . . make credibility determinations." *Big Apple BMW, Inc. v. BMW of North Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## DISCUSSION

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). A plaintiff bringing an FDCPA claim must show that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

Under 15 U.S.C. § 1692d, a debt collector may not engage in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute enumerates, without limitation, certain acts which are a violation, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Act is limited to "consumer debt," defined as those debts "arising out of . . . transaction[s]" that are "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Heintz*, 514 U.S. at 293.

AFNI first argues that Plaintiff has failed to meet his burden to show it was attempting to collect on a consumer debt as defined by the FDCPA. The parties dispute whether AFNI admitted that the relevant debt was a consumer debt in one of its discovery responses. *See* Opp. Br. at 4. Because Black has submitted no other evidence as to the nature of the relevant debt, his burden to show that it was a consumer debt "primarily for personal, family, or household purposes" will not have been met unless AFNI's response is considered to be an admission.

AFNI answered Black's third interrogatory by stating that:

> AFNI objects to this request because it seeks confidential and proprietary information that could subject AFNI to civil liability for violating the FDCPA. Further answering, AFNI can state that it called a . . . number at certain times while attempting to collect an account owed by a third party unrelated to this lawsuit. AFNI is barred by the FDCPA from releasing any information regarding that third party account. Specifically, 15 U.S.C. § 1692(b) states that: 'except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent

> jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.' Releasing private, confidential information about AFNI's collection efforts for an account entirely unrelated to Plaintiff could constitute a violation of § 1692(b) . . . . Releasing private and confidential third-party information not only has the potential of subjecting AFNI to civil liability, but may also cause injury to the third-party by releasing information that could potentially identify him as a debtor. AFNI cannot release any information about this third-party account without a court order.

Def's Response to Pl's Second Interrogatories, ECF No. 16-3 ¶ 4 (emphasis added). Plaintiff argues that, by invoking § 1692(b) when asked about the third party's debt, "AFNI clearly stated that . . . it could not provide information about the debt . . . because the debt was covered by this specific section of the FDCPA and thus was a consumer debt." *Id.* at 5.

Defendant argues that its response was not an admission by pointing to the conditional language that it used, such as its statement that releasing the third party's information "has the potential of subjecting AFNI to civil liability" and "could" constitute a violation of §1692(b). Reply Br. at 3. It asserts that it used conditional language because it did not know whether the third party's debt was a consumer debt and could not ascertain whether the debt arose "primarily for personal, family, or household purposes" without engaging in its own discovery. *Id.* at 3-5. AFNI claims that it stated that disclosure "could" constitute a violation of the FDCPA out of "an abundance of caution," *see id.*, citing to a case in which the Eastern District of Pennsylvania noted that a debt collector "may have in an abundance of caution treated . . . [all] obligations as consumer debts to protect itself from FDCPA liability." *Anderson v. AFNI, Inc.*, No. 10-4046, 2011 WL 1808779 at *14 (E.D. Pa. May 11, 2011).

Plaintiff, who lacked any personal knowledge as to the nature third party's debt, requested information from AFNI that might have allowed him to meet his burden. AFNI's

5

response that such information "ha[d] the potential of subjecting [it] to civil liability" and that disclosure "could" violate the FDCPA was too ambiguous to have been an admission as to the nature of the relevant debt, but it also deterred Plaintiff from seeking further discovery that might have allowed him to meet his burden. Under Rule 56(d), where a Plaintiff shows that "for specified reasons, it cannot present facts essential to justify its opposition," a court may defer consideration of a summary judgment motion or allow time to take discovery. Plaintiff has requested a stay under Rule 56(d) for further discovery as an alternative to his argument that Defendant admitted the obligation at issue was a consumer debt. *See* Ginsburg Aff., ECF No. 16-5. Plaintiff seeks information on who Defendant was trying to reach and whether their debt was a consumer debt and has shown that such information is material and was unavailable because of Defendant's objection. *Id.* ¶¶ 4-6. The Court finds that a Rule 56(d) stay for further discovery to resolve the nature of the debt in question is appropriate here. *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015).

AFNI's second argument is that the number and nature of the calls it placed to Black during the relevant period are "not sufficient for a jury to find that AFNI's conduct violated" § 1692d, which generally bars conduct "the natural consequence of which is to harass, oppress, or abuse" or § 1692d(5), which specifically bars a collector from causing a phone to ring "with intent to annoy, abuse, or harass any person at the called number." Plaintiff also argues in his opposition brief that AFNI's calls violated § 1692f's prohibition against "unfair or unconscionable means to collect" on a debt, although no claim under § 1692f appears in the amended complaint. Opp. Br. at 24; Am. Compl., ECF No. 6.

Plaintiff's telephone records indicate that he received ten calls from AFNI during the relevant three-month period. *See* Def's SMF ¶ 24; Pl's Resp. to SMF ¶ 24. These calls were

made between the hours of 7:00 am and 7:00 pm, EST. *Id.* Plaintiff contends that he received more than these ten calls from AFNI. To support this claim, he has submitted testimony from his deposition that "I know it was more than ten." Black Deposition, ECF No. 13-3 at 52:23-24. He also testified at his deposition that the calls would come "at all hours in any day." *Id.* 55:9-10. During his deposition, Black also testified that he knew of no reason to believe that the records for his landline that were provided by Comcast or the records for his cell phone that were provided by T-Mobile were inaccurate. *Id.* at 49:23-50:6.

Other courts in this district have been presented with deposition testimony about allegedly harassing calls that contradicted documentary records. In *Rush v. Portfolio Recovery Associates LLC*, summary judgment was denied on the basis on plaintiffs' deposition testimony that they received more calls than were indicated by defendant's business records. 977 F. Supp. 2d 414, 417-18 (D.N.J. 2013). In contrast, in *Derricotte v. Pressler & Pressler*, the plaintiff had records that she had received six calls from defendant before writing a cease and desist letter. 10-cv-1323, 2011 WL 2971540 at *3-*4 (D.N.J. July 19, 2011). The plaintiff also testified by affidavit and at a deposition that she had received significantly more than six calls. *Id.* The court held that "such minimal evidence is insufficient to defeat a motion for summary judgment" and ruled that the plaintiff had "failed to set forth facts that are either specific or supported." *Id.* (internal quotations omitted).

It is "inappropriate for a court to . . . make credibility determinations" on a motion for summary judgment. *Big Apple BMW, Inc. v. BMW of North Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Black has testified at deposition that he believes he received more than ten calls. AFNI has submitted contrary evidence from two phone companies, but the Court's "function is not . . . to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249.

For the purposes of this motion, the Court finds that Black has submitted sufficient evidence that he received more than ten calls from AFNI.

But even assuming for the sake of argument that Black received only the ten calls that the parties do not dispute, summary judgment would not be appropriate. These ten calls were placed from October 6 and December 31, 2014 and were made between the hours of 7:00 am and 6:50 pm. SMF ¶ 24. "There is no consensus as to the amount and pattern of calls necessary for a court to infer a debt collector intended to annoy, abuse, or harass a debtor." *Turner v. Professional Recovery Servs., Inc.*, 956 F. Supp. 2d 573 at 578 (D.N.J. 2013). The District of Kansas, as example, has granted summary judgment in favor of a defendant who placed 149 phone calls to a plaintiff over two months. *See Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1232 (D. Kan. 2011) ("Although the number of calls in September and October appears somewhat high, they are unaccompanied by any other egregious conduct to evince an intent to annoy, abuse or harass."). On the other hand, the Northern District of California has found that as few as 22 calls in total can be sufficient to state a claim under § 1692d(5). *See Crockett v. Rash Curtis & Assoc.*, 929 F. Supp. 2d 1030, 1032-33 (N.D. Cal. 2013). In addition to the total volume of calls, courts have also looked to other factors such as whether calls were made during working hours, *e.g. Anthony v. GE Capital Retail Bank*, No. 14-cv-2809, 2015 WL 10846141 at *2 (S.D.N.Y. Sept. 30, 2015), or after 9:00 pm at night. *Turner*, 956 F. Supp. 2d at 577.

AFNI placed six calls in October, one call in November, and three calls in December. Def's SMF ¶ 24. Some of these calls were placed during regular working hours and reached Black at his workplace. Black Deposition, 158:8-160:25. One call was placed at 7:00 in the morning. SMF ¶ 24. In October of 2014 AFNI called Black twice within a 24-hour period. *Id.* Viewing this evidence in the light most favorable to Plaintiff, a reasonable jury could conclude

that AFNI caused Black's phone to ring with the intent to annoy, abuse, or harass. Plaintiff has shown the existence of a genuine dispute of material fact as to whether Defendant violated a provision of the FDCPA in attempting to collect the debt at issue here.

## CONCLUSION

Plaintiff has not contested Defendant's motion for summary judgment on Count Two, and that count is dismissed. Defendant's motion for summary judgment on the ground that it did not violate § 1692d is denied. The Court defers consideration of the remainder of the motion under Rule 56(d) for further discovery, which will be limited to the issue of whether the relevant debt in this action was a consumer debt as defined by the FDCPA. An appropriate order follows.

DATE: 10 August 2016

William H. Walls
Senior United States District Court Judge